UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| RANDOLPH DUANE ROSS, | ) |
| Plaintiff, | ) |
| | ) Case No. 3:36-cv-00013 |
| v. | ) |
| | ) |
| GREG LAMBERT, | ) |
| Defendant. | ) |

**MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION AGAISNT DEFENDANT GREG LAMBERT**

Plaintiff Randolph Duane Ross ("Ross"), pursuant to Fed. R. Civ. P. 65, hereby moves the Court to issue a temporary restraining order and preliminary injunction against Defendant Greg Lambert ("Lambert"). In support of this motion, Ross respectfully states as follows:

1. Good cause exists to grant the extraordinary relief requested in this motion as it is necessary to prevent immediate and irreparable injury, loss, or damage to Ross as a result of Defendant Lambert's ongoing and continuing campaign of harassment and disparagement. Fed. R. Civ. P. 65(a), (b)

2. Specifically, a temporary restraining order and preliminary injunction are necessary to stop Defendant Lambert from perpetrating an extreme, malicious, harassing, and defamatory campaign that includes: (1) using a wide range of mediums (including letters, emails, text messages, social media posts and other digital media, podcasts, fake AI generated videos, and published music) to intentionally spread knowingly false accusations that Ross has a history of doping and/or using performance enhancing drugs ("PEDs") and oversees and operates a dirty and unethical track and field program at the University of Tennessee; (2) disseminating false

allegations that Ross had an affair with an assistant coach at the University of Tennessee and fathered a child with that coach; and (3) publishing fake videos depicting Ross engaging in sexually suggestive acts with other public figures.

3. Based upon the facts of this case, there is no legitimate dispute that Defendant Lambert has intentionally published false statements and information that has and will continue to cause permanent and significant harm to Ross's personal and professional reputations that cannot be fully compensated through monetary damages. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F. 3d 535, 550 (6th Cir. 2007) (in reversing denial of preliminary injunction, Sixth Circuit held that "an injury is not fully compensable by monetary damages if the nature of the plaintiff's loss would make the damages difficult to calculate."). Consequently, the issuance of a temporary restraining order and preliminary injunction is entirely appropriate. *Basicomputer Corp. v. Scott*, 973 F. 2d 507, 511-12 (6th Cir. 1992) (upholding issuance of preliminary injunction on basis that "loss of customer goodwill often amounts to irreparable injury."); *Blount Pride, Inc. v. Desmond*, 690 F. Supp. 3d 796, 807 (E.D. Tenn. 2023) (granting temporary restraining order where plaintiff established "probable irreparable harm" arising from defendant's conduct).

4. Moreover, the requested relief is sufficiently narrow in scope to protect Defendant Lambert's legitimate First Amendment rights while simultaneously protecting Ross from further reputational harm as a result of Lambert's false and defamatory speech. *Lothschuetz v. Carpenter*, 898 F.2d 1200, 1206, 1209 (6th Cir. 1990) (recognizing "modern rule" allowing restraint on defamatory speech); *see also In re Conservatorship of Turner*, 2014 WL 1901115, * 20 (Tenn. Ct. App. May 9, 2014) (adopting "modern rule" that defamatory speech may be enjoined); *Raymond James & Assoc. v. Saba*, 2025 WL 240986, *5, 7-8 (S.D. Ohio Jan. 17, 2025) (entering temporary

restraining order in defamation case prohibiting defendant from sending emails accusing plaintiff of criminal actions and other detestable conduct).

WHEREFORE, for those reasons set forth above and in the contemporaneously filed legal memorandum, Plaintiff Ross requests that the Court enter a temporary restraining order and preliminary injunction enjoining Defendant Lambert from:

(1) Contacting Ross directly by any means, including in-person communications, letters, emails, text messages or other similar electronic communications;

(2) Sending communications by any means, including in-person communications, letters, emails, text messages or other similar electronic communications, that contain defamatory or disparaging statements about Ross to any: (i) employee of the University of Tennessee; (ii) employee of any university, college, or school that maintains a collegiate track and field program; and (iii) any high school student or collegiate athlete, as well as their respective family members and coaches, that are current or prospective recruits of the University of Tennessee or any other Division 1 collegiate program;

(3) Publishing defamatory, disparaging, or offensive material that relates in any way to Ross or his family, including but not limited to videos, photographs, music, blogs, interviews, or articles, on any social media platform, app, music streaming service, print media, mass media or digital media; and

(4) Making any public statements about the present litigation, Ross, Ross's family members, the University of Track and Field program, or any individuals other than Ross that are affiliated in any way with the University of Tennessee Track and Field program.

Dated: January 9, 2026

/s/ Gregory F. Coleman
Gregory F. Coleman (BPR # 014092)
S. Jarret Raab*
Ryan McMillan (BPR # 030542)
COLEMAN LAW, PLLC
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 379329
Tel. 865.407.0539
gcoleman@gregcolemanlaw.com
jraab@gregcolemanlaw.com
rmcmillan@gregcolemanlaw.com

* *Pro ac Vice* application pending

*Counsel for Plaintiff Randolph Duane Ross*

4