FILED

2026 FEB -5 PM 12: 51

US DISTRICT COURT
EASTERN DIST. TENN.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

RANDOLPH DUANE ROSS,

Plaintiff,

v.

GREGORY BERNARD LAMBERT,

Defendant.

Case No. 3:26-cv-00013

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

---

# I. PLAINTIFF FAILS TO ESTABLISH PERSONAL JURISDICTION

Personal jurisdiction is a constitutional prerequisite, not a discretionary consideration. A court may exercise jurisdiction only where the defendant has purposefully established minimum contacts with the forum state such that haling him into court would comport with traditional notions of fair play and substantial justice.

International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Plaintiff's motion does not allege that Defendant resides in this forum, conducts business here, owns property here, or directed any conduct specifically toward this forum. Instead, Plaintiff relies on generalized allegations that online content was accessible nationwide. The Supreme Court has squarely rejected this theory, holding that "the plaintiff cannot be the only link between the defendant and the forum."

Walden v. Fiore, 571 U.S. 277, 285 (2014).

Plaintiff's attempt to ground jurisdiction in alleged reputational harm fails for the additional reason that the claimed injury is not uniquely tethered to this forum. Allegations of national or diffuse reputational impact do not create personal jurisdiction in any single state.

See Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. 255, 264 (2017).

Because Plaintiff has failed to establish purposeful availment or forum-directed conduct, this Court lacks personal jurisdiction and must deny the requested relief.

## II. VENUE IS IMPROPER AND INDEPENDENTLY PRECLUDES INJUNCTIVE RELIEF

Venue is proper only where a defendant resides or where a substantial part of the events giving rise to the claim occurred.

28 U.S.C. § 1391(b).

Defendant does not reside in this District. The speech at issue was created and disseminated outside the forum on national internet platforms. Plaintiff does not identify a single act occurring in this District that could reasonably be described as a "substantial part" of the alleged conduct.

Courts consistently hold that internet accessibility alone does not establish venue.

Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995).

Further, Plaintiff's claimed harm—alleged recruiting or reputational injury—would, if anywhere, be felt in Tennessee. Tennessee is not a party to this action. Courts are particularly reluctant to grant injunctive relief where venue is attenuated and the requested order would operate extraterritorially.

In re Apple Inc., 979 F.3d 1332, 1340 (Fed. Cir. 2020).

Venue is improper, and on that basis alone, the motion must be denied.

## III. PLAINTIFF FAILS TO ESTABLISH IRREPARABLE HARM

Irreparable harm must be "actual and imminent, not remote or speculative."

Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).

Plaintiff's allegations rest almost entirely on subjective discomfort and generalized claims of reputational injury. He identifies no specific recruit who declined to enroll, no parent who withdrew interest, no signed

2

letter of intent rescinded, and no measurable recruiting loss attributable to Defendant's speech. Courts routinely reject injunctions based on such conclusory assertions.

Sampson v. Murray, 415 U.S. 61, 90 (1974).

By contrast, undisputed facts contradict Plaintiff's theory of harm. Publicly available information reflects that the University of Tennessee's programs remain nationally competitive and highly ranked, including current rankings at or near the top of the national standings. Additionally, Tennessee has signed and retained a full recruiting class during the period Plaintiff claims irreparable harm was occurring. These are objective facts, not opinion.

While Defendant may characterize Tennessee's recruiting outcomes as "strong" or "successful" as a matter of opinion, the underlying facts that recruits were signed, scholarships filled, and rankings sustained are not disputed. Where objective performance metrics contradict claims of imminent harm, injunctive relief is inappropriate.

Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 115 (2d Cir. 2005).

Plaintiff's delay further undermines any claim of urgency. Plaintiff acknowledges that the speech at issue existed for approximately ten months before seeking emergency relief. Delay of this magnitude "strongly suggests that the alleged harm is not irreparable."

Citibank, N.A. v. Citytrust, 756 F.2d 273, 276 (2d Cir. 1985).

Accordingly, Plaintiff has failed to satisfy the most critical prerequisite for injunctive relief.

---

# IV. PLAINTIFF FAILS TO DEMONSTRATE LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff seeks to enjoin speech, including music, satire, and commentary, without establishing falsity, malice, or unlawful conduct.

Plaintiff broadly labels statements as "false" without identifying specific false statements or demonstrating their falsity. Such pleading is insufficient, particularly where the Plaintiff is a public figure.

New York Times Co. v. Sullivan, 376 U.S. 254, 279–80 (1964).

Opinion, satire, parody, and artistic expression are fully protected under the First Amendment.

Hustler Magazine, Inc. v. Falwell, 485 U.S. 46, 57 (1988).

Plaintiff's attempt to convert promotional tagging and artistic commentary into tortious conduct misunderstands both the law and the medium. Music promotion and online commentary, even when provocative, do not constitute actionable misconduct absent false statements of fact.

Milkovich v. Lorain Journal Co., 497 U.S. 1, 20 (1990).

Plaintiff has not shown a likelihood of success.

---

# V. THE REQUESTED INJUNCTION IS AN UNCONSTITUTIONAL PRIOR RESTRAINT

The injunction sought would operate as a prior restraint on speech "the most serious and least tolerable infringement on First Amendment rights."

Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 559 (1976).

Courts almost never enjoin speech in advance, especially where damages or post-publication remedies exist.

Organization for a Better Austin v. Keefe, 402 U.S. 415, 419 (1971).

Plaintiff does not narrowly tailor the requested relief. Instead, he seeks to broadly silence commentary, art, and expression relating to himself. Such a request is facially unconstitutional.

Madsen v. Women's Health Ctr., Inc., 512 U.S. 753, 765 (1994).

The Court should decline to become an instrument of censorship.

---

# VI. PLAINTIFF SEEKS TO REDRESS THIRD-PARTY HARMS HE LACKS STANDING TO ASSERT

Plaintiff repeatedly references alleged harm to the University of Tennessee's recruiting. Tennessee is not a party to this action.

A plaintiff may not seek injunctive relief for injuries allegedly suffered by third parties.

Warth v. Seldin, 422 U.S. 490, 499 (1975).

Any institutional harm belongs, if at all, to Tennessee not to Plaintiff personally. Plaintiff cannot bootstrap institutional interests to obtain personal relief.

4

This failure of standing independently bars the requested injunction.

---

# VII. Plaintiff's Failure to Identify Any Post Notice Conduct Undermines Any Claim of Irreparable Harm

Plaintiff seeks the extraordinary remedy of injunctive relief on the theory that Defendant's speech constitutes an ongoing, escalating pattern of conduct causing imminent and irreparable harm. Yet Plaintiff's motion conspicuously fails to identify a single instance of conduct occurring after Plaintiff initiated this action or after Defendant received notice of the claims asserted.

This omission is dispositive. Where a plaintiff alleges continuing harm sufficient to justify a prior restraint on speech, courts routinely expect evidence of post-notice conduct demonstrating persistence, escalation, or deterioration. Plaintiff had full access to Defendant's public content and ample opportunity to present any such evidence. Plaintiff did not do so.

Instead, Plaintiff relies exclusively on a static set of historical examples, without identifying any statements, posts, artistic works, or communications published after notice that allegedly exacerbate the claimed injury. The Court is therefore asked to infer irreparable harm not from ongoing conduct, but from speculation untethered to the present record.

Such speculation is insufficient as a matter of law. Injunctive relief is reserved for circumstances where harm is actual, imminent, and continuing not where a plaintiff selectively freezes the evidentiary record while asserting urgency. See Sampson v. Murray, 415 U.S. 61, 88 (1974) (irreparable injury must be "neither remote nor speculative, but actual and imminent").

Plaintiff's silence regarding any post-notice conduct confirms that the alleged harm is neither escalating nor irreparable. At most, Plaintiff raises a dispute concerning past speech an insufficient basis for the extraordinary and constitutionally disfavored remedy of prior restraint.

# VIII. THE BALANCE OF EQUITIES AND PUBLIC INTEREST STRONGLY FAVOR DENIAL

Where speech is involved, the balance of equities and public interest merge with the First Amendment analysis.

Nken v. Holder, 556 U.S. 418, 435 (2009).

Enjoining protected speech would cause immediate, irreparable harm to Defendant and chill public discourse. By contrast, Plaintiff has identified no concrete injury that would result from denial.

The public has a strong interest in robust debate, artistic expression, and commentary on matters of public concern.

Snyder v. Phelps, 562 U.S. 443, 458 (2011).

The equities favor denial.

# IX. Objective Post-Notice Evidence Undermines Any Claim of Irreparable Harm

Plaintiffs' motion rests on the assertion of irreparable harm to their program and recruiting efforts. However, Plaintiffs offer no post notice evidence demonstrating any continuing or escalating injury. By contrast, objective, third-party and Plaintiff-generated evidence from the same period reflects ongoing institutional success.

Specifically:

- National Rankings. Within the past week, Plaintiffs' program has been publicly ranked No. 1 and No. 8 nationally by the U.S. Track & Field and Cross Country Coaches Association, an independent third-party evaluator. (Exhibit A: page 8)

- Recent High-Level Recruiting. During the alleged period of harm, Plaintiffs successfully secured elite athletes, including:

    - Andre Jackson II, a nationally ranked athlete who transferred into the program in July, well within the relevant timeframe; and (Exhibit B: page 9)

    - Lailah Green, a highly regarded recruit signed in November, likewise within the same period.(Exhibit C: page 10)

- Current Competitive Performance. Plaintiffs continue to publicly promote top-five national performances by athletes on their current roster during the same timeframe.(Exhibit D: page 9)


This evidence is not offered to dispute the merits of Plaintiffs' allegations, but solely to demonstrate the absence of the type of ongoing, non-speculative injury required to justify extraordinary injunctive relief.

6

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff asks this Court to do what the Constitution forbids: silence speech before adjudication, without jurisdiction, without venue, without evidence of irreparable harm, and without a likelihood of success on the merits.

The motion rests on speculation, not proof; on discomfort, not injury; and on an impermissible effort to convert artistic expression and public commentary into actionable misconduct. Plaintiff waited months to seek emergency relief, invokes harms belonging to third parties, and asks this Court to impose a sweeping prior restraint on protected speech.

Federal courts are not instruments of censorship, nor are they forums for suppressing criticism through procedural pressure. The First Amendment, long-standing precedent, and fundamental principles of jurisdiction and equity all compel the same result.

For the foregoing reasons, Defendant respectfully requests that the Court:

1. DENY Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction in its entirety;

2. DECLINE to impose any restriction on Defendant's protected speech or artistic expression; and

3. GRANT such other and further relief as the Court deems just and proper.


Respectfully submitted,

RESPECTFULLY SUBMITTED,

Gregory Bernard Lambert

Defendant, Pro Se

[7218 Single Wheel Path]

[Columbia, MD, 21046]

[lalambert1982@gmail.com]

[Phone: 410 336-4538]



**Exhibit A**



**Exhibit C**

## Exhibit: C



## Exhibit: D



the UPS Store RFID Label

Tracking #

1Z0Y5215034742 5449

US DISTRICT COURT
800 MARKET ST
STE 311
KNOXVILLE TN 37902

P: TOPNOR   S: ODD
149 – 4000                    I: 149

1Z0Y5215034742          5449
ZVH4CFZ
US   379A   UNLOAD014B   FEB  5 08:24:19 2026
HID 26 S.I   2T411P

---

GREG LAMBERT                              1 LBS        1 OF 1
(410) 336-4538                        SHP WT: 1 LBS
THE UPS STORE #7548                   DATE: 03 FEB 2026
STE 105
7500 MONTPELIER RD
LAUREL  MD 20723-6012

SHIP US DISTRICT COURT EASTERN TN
TO:  CLEARK S OFFICE
     STE 311
     800 MARKET ST

KNOXVILLE  TN 37902-2343

TN 379 9-11

UPS GROUND

TRACKING #: 1Z 0Y5 215 03 4742 5449

BILLING: P/P

MMFGFODJR9XNH ISH 13.00C ZZD230 EP 50.5V 12/2025

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. As exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with...