UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

NORTHERN DIVISION


FILED

2026 APR 29 AM 9: 36

US DISTRICT COURT
EASTERN DIST. TENN.

RANDOLPH DUANE ROSS,     )

   Plaintiff,     )

v.     )   Case No. 3:26-cv-00013

GREGORY B. LAMBERT,     )

   Defendant.     )

## DEFENDANT GREGORY B. LAMBERT'S MOTION FOR SANCTIONS

## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

Defendant Gregory B. Lambert respectfully moves for sanctions under Federal Rule of Civil Procedure 11 based on material contradictions between Plaintiff Randolph Duane Ross's Verified Statement (ECF No. 26, filed February 13, 2026) and other sworn or documentary record evidence identified below.

### I. LEGAL STANDARD

Rule 11(b)(3) requires that factual contentions in filings with the Court have evidentiary support. Rule 11(c)(2) requires service of a sanctions motion at least 21 days before filing to permit withdrawal or correction. This motion is served pursuant to Rule 11(c)(2) to provide that 21-day safe-harbor period before any filing request is made to the Court.

### II. TARGETED SWORN FILING

The challenged filing is Plaintiff's Verified Statement of Randolph Duane Ross, ECF No. 26, filed February 13, 2026, signed under penalty of perjury.

### III. MATERIAL CONTRADICTIONS

#### Contradiction One: Verified Statement ¶ 6 vs. Verified Complaint ¶ 38

Verified Statement ¶ 6 states that Plaintiff currently has "two children" with his girlfriend of 14 years. Verified Complaint ¶ 38 states that Plaintiff is a "married father of three children." Both representations appear in sworn filings in this action and cannot be reconciled as stated.

**Contradiction Two: Verified Complaint ¶ 20 vs. ECF No. 1, Page 19**

Verified Complaint ¶ 20 alleges Defendant was previously unknown to Plaintiff before 2022. In the same filing, ECF No. 1 at page 19, Plaintiff includes an iMessage exhibit showing a contact photo traceable to 2013. The pleading-level assertion and the exhibit within the same filing are inconsistent.

**Contradiction Three: Verified Statement ¶ 7 vs. Associated Press report (Exhibit A)**

Verified Statement ¶ 7 states Plaintiff has "never at any time tested positive for a banned substance." Public reporting by the Associated Press reflects a USADA two-year suspension and disqualification of results beginning November 2, 2001 (Exhibit A).

**Contradiction Four: Verified Statement ¶ 8 vs. public reporting regarding Randolph Ross, Jr. (Exhibit B)**

Verified Statement ¶ 8 states that no collegiate or professional athlete coached and/or trained by Plaintiff tested positive for a banned substance while under his tutelage. Public reporting and AIU records reflect that Randolph Ross, Jr. received a three-year suspension publicly reported on December 13, 2022 for whereabouts failures and tampering (Exhibit B).

**IV. RELIEF REQUESTED**

Defendant respectfully requests that Plaintiff withdraw or amend the Verified Statement to correct the material contradictions identified herein within 21 days of service of this motion. In the alternative, Defendant requests that the Court impose appropriate sanctions, including reasonable costs incurred in defending against a motion supported by materially contradictory sworn statements.

**V. EXHIBITS**

Exhibit A: Associated Press report regarding USADA suspension and disqualification beginning November 2, 2001.

Exhibit B: AIU database entry and Associated Press reporting regarding Randolph Ross, Jr. suspension (publicly reported December 13, 2022).

Exhibit C: Side-by-side excerpt of Verified Complaint ¶ 38 and Verified Statement ¶ 6.

Exhibit D: ECF No. 1, page 19 (iMessage screenshot referenced in Verified Complaint).

Respectfully submitted,

Gregory B. Lambert

Defendant, Pro Se

7218 Single Wheel Path

Columbia, Maryland 21046

Lambert1982@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2026, a true and correct copy of this Motion was served by email on Coleman Law PLLC counsel for Plaintiff at: gcoleman@gregcolemanlaw.com, jraab@gregcolemanlaw.com, and rmcmillan@gregcolemanlaw.com.

Dated: April 8, 2026

/s/ Gregory B. Lambert

Gregory B. Lambert, Pro Se

 Gmail

Greg Lambert <lalambert1982@gmail.com>

# Service of Rule 11 Motion – Lambert v. Ross, Case No. 3:26-cv-00013

**Greg Lambert** <lalambert1982@gmail.com>                                Tue, Apr 7, 2026 at 3:31 PM
To: Gregory Coleman <gcoleman@gregcolemanlaw.com>, Jarret Raab <JRaab@gregcolemanlaw.com>, Ryan McMillan
<RMcMillan@gregcolemanlaw.com>, Lisa Maxwell <lmaxwell@gregcolemanlaw.com>

Counsel,

Pursuant to Federal Rule of Civil Procedure 11(c)(2), Defendant hereby serves the attached Motion for Sanctions.

This motion is served for purposes of the Rule 11 safe harbor provision and is not being filed with the Court at this time.

The motion identifies specific factual contentions in Plaintiff's Verified Statement (ECF No. 26) that lack evidentiary
support and are contradicted by Plaintiff's own prior sworn filings and publicly available records.

Defendant respectfully requests that Plaintiff review the issues raised and withdraw or appropriately correct the
challenged statements within twenty-one (21) days of service of this motion.

If the identified issues are not addressed within that period, Defendant will consider filing the motion with the Court.

Defendant will otherwise proceed in accordance with the Court's schedule, including the April 29, 2026 hearing.

Regards,
Gregory Lambert
Defendant, Pro Se
7218 Single Wheel Path
Columbia, MD 21046
lalambert1982@gmail.com
(410) 336-4538

📄 **Rule11_Motion_.docx (1).pdf**
   1817K

Case 3:26-cv-00013-TAV-JEM    Document 38    Filed 04/29/26    Page 4 of 7    PageID #: 251

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

RANDOLPH DUANE ROSS,
Plaintiff,

v.

GREGORY BERNARD LAMBERT,
Defendant.

Case No. 3:26-cv-00013

---

## DEFENDANT'S ITEMIZED SUMMARY OF COSTS AND EXPENSES
### (UPDATED — April 29, 2026)

---

Defendant Gregory Bernard Lambert, proceeding pro se, submits this updated itemized summary of reasonable costs and expenses incurred between January 27, 2026, and April 29, 2026. This summary has been revised to reflect actual travel costs incurred and additional hours expended through the date of the TRO hearing.

## I. PROFESSIONAL TIME AND LABOR

| Item | Description | Hours | Rate | Subtotal |
|------|-------------|-------|------|----------|
| 1.1 | Case Investigation & Research (Complaint review; identifying sworn contradictions; First Amendment research) | 110.0 hrs | $30.00 | $3,300.00 |
| 1.2 | TRO Defense & Hearing Prep (Drafting oppositions; constitutional arguments; oral argument preparation) | 120.0 hrs | $30.00 | $3,600.00 |
| 1.3 | Litigation Support & Management (Exhibit organization A–M; responding to service; procedural compliance) | 50.0 hrs | $30.00 | $1,500.00 |
| | **TOTAL LABOR COST** | **280.0 hrs** | | **$8,400.00** |

## II. TRAVEL AND LODGING (KNOXVILLE HEARING)

| Item | Description | Qty | Rate | Subtotal |
|------|-------------|-----|------|----------|
| 2.1 | Round-Trip Airfare (Columbia, MD → Knoxville, TN) | 1 trip | Actual | $500.00 |

| Item | Description | Qty | Rate | Subtotal |
|------|-------------|-----|------|----------|
| 2.2 | Ground Transportation — Uber (Airport transfers and local travel) | Est. | Actual | $85.00 |
| 2.3 | Lodging in Knoxville (1 night, actual rate) | 1 night | $130.00 | $130.00 |
| 2.4 | Meals & Incidentals during travel | 2 days | $50.00 | $100.00 |
| | **TOTAL TRAVEL COST** | | | **$815.00** |

### III. ADMINISTRATIVE, SERVICE, AND TECHNOLOGY COSTS

| Item | Description | Qty | Rate | Subtotal |
|------|-------------|-----|------|----------|
| 3.1 | Printing, Document Preparation & Clerical Supplies | Flat Fee | n/a | $30.00 |
| 3.2 | Mailing, Certified Service & Electronic Filing Fees | Flat Fee | n/a | $20.00 |
| 3.3 | AI Research & Drafting Tools (Subscription — litigation support use) | 3 months | $60.00/mo | $180.00 |
| | **TOTAL ADMIN & TECHNOLOGY COST** | | | **$230.00** |

| | |
|---|---|
| Labor | $8,400.00 |
| Travel & Lodging | $815.00 |
| Admin & Technology | $230.00 |
| **GRAND TOTAL RECOVERABLE COSTS** | **$9,445.00** |

### STATEMENT OF CAUSATION AND REASONABLENESS

The above-listed items represent the direct financial and temporal burden placed upon Defendant by Plaintiff's initiation of this action and request for emergency injunctive relief.

1. **Factual Inconsistency:** These expenses were substantially increased by the need to investigate and rebut Plaintiff's internally inconsistent sworn statements, including contradictions between the Verified Complaint and Verified Statement, requiring extensive research and exhibit preparation.

2. **Pro Se Efficiency:** The hourly rate of $30.00 is a conservative estimate of the value of Defendant's time, selected to remain below typical market rates for legal support services and to reflect good-faith reasonableness before this Court.

3. **Direct Loss:** Totaling 280 hours of documented labor, round-trip airfare, ground transportation, lodging, and technology costs, these expenses represent significant prejudice to Defendant's personal and professional resources caused directly by this litigation.

**4. Technology Costs:** AI-assisted legal research and drafting tools were necessarily employed to compensate for the absence of counsel and to ensure procedurally compliant, thorough filings in response to an emergency TRO action in a federal district court outside Defendant's home state.

Respectfully submitted,

/s/ Gregory Bernard Lambert
Gregory Bernard Lambert, Pro Se
7218 Single Wheel Path
Columbia, MD 21046
lalambert1982@gmail.com
(410) 336-4538

Date: April 29, 2026