| | | |
|---|---|---|
| RANDOLPH DUANE ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:26-CV-13-TAV-JEM |
| v. | ) | |
| | ) | |
| GREG LAMBERT, | ) | |
| | ) | |
| Defendant. | ) | |

# O R D E R

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

On January 9, 2026, Plaintiff commenced this action by filing the Verified Complaint [Doc. 1]. He alleges defamation and false light invasion of privacy [*Id.* ¶¶ 56–68]. Plaintiff states that Defendant posted a photograph to Instagram and Facebook of Plaintiff's minor children, Defendant's minor son, and a non-party's minor daughter [*Id.* ¶ 39]. The Complaint includes the photograph that Defendant allegedly posted to his social media accounts [*Id.*].

On April 30, 2026, Defendant filed the Emergency Motion for Immediate Sealing and Redaction Pursuant to Federal Rule of Civil Procedure 5.2 and the Court's Inherent Authority to Protect a Non-Party Minor Child's Privacy ("Emergency Motion") [Doc. 41]. He asserts that the Complaint contains a photograph of his minor son [*Id.*]. He therefore seeks:

(1) temporarily sealing ECF Document No. [INSERT ECF NUMBER] pending replacement with a properly redacted version;

(2) directing Plaintiff's counsel to file a redacted version of ECF Document No. [INSERT ECF NUMBER] with all images of the minor child removed within forty-eight (48) hours of this Court's order;

(3)     prohibiting the filing of any identifying information or image of any minor child in this proceeding without prior court authorization;

(4)     directing Plaintiff's counsel to certify Rule 5.2 compliance of all prior filings within fourteen (14) days; and

(5)     reserving determination of additional sanctions, including monetary sanctions and disciplinary referral, pending the compliance review and any further showing by either party.

[*Id.* at 5–7].

Defendant did not sign his Emergency Motion [Doc. 41 p. 7]. Rule 11 of the Federal Rules of Civil Procedure requires that written motions be signed. Fed. R. Civ. P. 11(a). "The [C]ourt must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* Defendant **SHALL** therefore refile a signed copy of his motion in CM/ECF on or before **May 6, 2026**.

Nevertheless, the Complaint contains a photograph of minors who are not parties to this action. *See Garland v. Goins*, No. 3:26-cv-182, Doc. 6 (E.D. Tenn. Apr. 17, 2026) ("Unnecessary public disclosure of [minors'] identities will not be tolerated."). The Court therefore **DIRECTS** the Clerk's office to **SEAL** the Complaint [**Doc. 1**]. Plaintiff **SHALL** file a redacted version of the Complaint in CM/ECF on or before **May 6, 2026**. The Court will consider any requests to unseal the Complaint upon further briefing of Defendant's motion.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

2