IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
TENNESSEE NORTHERN DIVISION

| | | |
|---|---|---|
| RANDOLPH DUANE ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 3:26-cv-00013 |
| | ) | |
| GREGORY B. LAMBERT, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

## <u>PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS</u>

Plaintiff Randolph Duane Ross ("<u>Ross</u>"), pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves the Court to dismiss Defendant Gregory Lambert's ("<u>Lambert</u>") counterclaims for declaratory judgment and abuse of process. In support of this motion, Ross respectfully states as follows:

1. Each of Lambert's three counterclaims lack sufficient factual matter to state a plausible claim for relief under Rule 12(b)(6) and should be dismissed *with prejudice*.

2. Specifically, Lambert's first counterclaim (Count I) seeks a declaration from the Court that, to the extent that Ross' claims depend on harm to the University of Tennessee, they are barred. Answer ¶ 18. Ross' Complaint clearly states that he is seeking relief on behalf of himself, not the University. Lambert's additional allegations fail to state otherwise, and merely alleges hypothetical facts regarding the University's involvement. Ruling on Lambert's first counterclaim would amount to an impermissible advisory opinion because it does not deal with an actual case or controversy under Article III. *Holman v. Vilsack*, 582 F.Supp.3d 568, 580 (W.D. Tenn. 2022)

3. Lambert's second counterclaim (Count II) seeks a judicial declaration that Ross is not entitled to injunctive relief that enjoins Lambert's future speech. This claim is redundant of

Ross' claims for defamation and false light invasion of privacy and full adjudication of Ross' claims will necessarily moot Lambert's counterclaim. Because there is complete identity between the factual and legal issues raised in Ross' Complaint and Lambert's counterclaim, the counterclaim should be dismissed under the "mirror image" rule. *Pettrey v. Enterprise Title Agency*, 2006 WL 3342633 (N.D. Ohio Nov. 17, 2006) (dismissing declaratory judgment counterclaim appropriate where "there is a complete identity of factual and legal issues between the complaint and counterclaim.")

4.     Lambert's counterclaims for declaratory judgment are redundant with his affirmative defenses and the Court is within its discretion to strike redundant counterclaims that serve no purpose. *Procter & Gamble Co. v. CAO Group, Inc.*, 2013 WL 5353281, at *5 (S.D. Ohio Sept. 24, 2013).

5.     Even if the Court found that Lambert's counterclaims for declaratory judgment are not redundant and are ripe for adjudication, the Court should decline to exercise jurisdiction over those claims. A Court's jurisdiction under the Declaratory Judgment Act ("DJA") is discretionary and the Sixth Circuit has articulated a five-factor test to determine whether a court should exercise jurisdiction under the DJA. *Grand Trunk W. R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (the "*Grand Trunk*" factors). In this case, the Grand Trunk factors weigh heavily against the Court's exercise of jurisdiction under the DJA because neither declaration would resolve the controversy, clarify the legal relationship, and there are alternative remedies available to Lambert.

6.     Lambert's third claim for abuse of process (Count III) is fatally flawed because it fails to identify a single misuse of the Court's power. The filing of a lawsuit and moving for a preliminary injunction, even if made with ulterior motive, is not sufficient to support the tort of

abuse of process. *Pavion Corp. v. Sage Integration Holdings*, 2026 WL 1719440, at *3 (W.D. Tenn. June 15, 2026) (dismissing defendant's counterclaim for abuse of process based on plaintiff's motion for a temporary restraining order); *see also Montpelier v. Moncier*, 2012 WL 4503187, at *4 (Tenn. Ct. App. Sept. 28, 2012) (finding that service of a groundless Rule 11 motion failed to support an abuse of process claim because it did not involve the court's coercive authority). As such, Lambert's claim for abuse of process must be denied.

WHEREFORE, for those reasons set forth above and in the contemporaneously filed legal memorandum, Plaintiff Ross requests that the Court enter an order dismissing Defendant Lambert's counterclaims *with prejudice*.

Dated: July 16, 2026

<div style="margin-left:40%">

*/s/ Ryan McMillan*
Gregory F. Coleman (BPR # 014092)
S. Jarret Raab (admitted *pro hac vice*)
Ryan McMillan (BPR # 030542)
COLEMAN LAW, PLLC
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Tel. 865.407.0529
gcoleman@gregcolemanlaw.com
jraab@gregcolemanlaw.com
rmcmillan@gregcolemanlaw.com

*Counsel for Plaintiff Randolph Duane Ross*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS was served upon all parties of record through the Court's CM/ECF system on July 16, 2026.

Dated: July 16, 2026

*/s/ Ryan McMillan*